**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01513-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Otoniel Galindo Vasquez-Lopez, | |
| Defendant. | |

Pending before this Court is Defendant Otoniel Galindo Vasquez-Lopez's Motion to Modify and/or Reduce a Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) and in Light of the First Step Act (Doc. 95), the Government's Motion to Seal Response to Defendant's Motion (Doc. 99), and Government's Response. The Motion to Modify is denied and the Motion to Seal is granted.

## BACKGROUND

On January 20, 2015, Defendant pled guilty to his role as the leader and organizer of an alien smuggling organization. Defendant pled guilty to two counts in a 36-count Superseding Indictment, in exchange for a stipulation under Fed. R. Crim. P. 11(c)(1)(C) that his total sentence in this case not exceed 174 months of incarceration, and for a recommendation from the government that the sentence in this case run concurrently with a sentence imposed by the Western District of Louisiana. At sentencing, the Court accepted the plea agreement and stipulation, but rejected the Government's recommendation that the sentence imposed run concurrently. The Court granted the Government's motion for a downward variance of 66 months and imposed a sentence of 174 months in prison,

followed by three years of supervised release. Defendant is currently incarcerated in Yazoo City, Mississippi with a projected release date of December 1, 2026.

## DISSCUSSION

Under 18 U.S.C.A. § 3582, a court may reduce a term of imprisonment it has imposed "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if "extraordinary and compelling reasons warrant such a reduction." The reduction may only be entered on a defendant's motion

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .

18 U.S.C.A. § 3582(c)(1)(A).

As "extraordinary and compelling reasons" warranting a reduction of his sentence, Defendant asserts: (1) that the sentencing court erroneously applied a 2-level upward adjustment under U.S.S.G. § 2S1.1, (2) that he is improperly being denied all credit toward the sentence in this case for time served in the Western District of Louisiana case, and (3) that he has been rehabilitated post-sentencing. Defendant's first two assertions are not cognizable under § 3582. His assertion of an erroneous application of an adjustment under the Sentencing Guidelines falls under 28 U.S.C. § 2255, which authorizes the Court to vacate, set aside, or correct the sentence on the ground that it was imposed in violation of the law. And his assertion that the Bureau of Prisons is improperly denying him credit for time served is properly brought in a habeas petition under 28 U.S.C. § 2241, which must be filed in the Southern District of Mississippi, where he is presently confined. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Finally, Defendant's third contention is contrary to the Sentencing Commission's position that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for awarding a sentence reduction. U.S.S.G. § 1B1.13 application note 3 (citing 28 U.S.C. § 994(t) ("[The Sentencing Commission] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary

and compelling reason.").

Beyond the merits of Defendant's Motion, the Motion fails on procedural grounds, as there is no indication that he has exhausted his administrative remedies with the Bureau of Prisons or that such exhaustion should be excused. Moreover, pursuant to Defendant's plea agreement accepted by this Court, Defendant has waived his right to file a motion for modification of sentence under the above provision. (Doc. 76 at 5.) The Motion is denied.

The Government's Motion to Seal (Doc. 99) is granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Otoniel Galindo Vasquez-Lopez's Motion to Modify and/or Reduce a Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) and in Light of the First Step Act (Doc. 95) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Government's Response to Defendant's Motion (Doc. 99) is **GRANTED.** The Clerk of Court is directed to file Government's Response to Defendant's Motion under seal.

Dated this 7th day of May, 2020.

_____
G. Murray Snow
Chief United States District Judge

cc: Defendant